**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GYULIZAR MATEVOSYAN, | No. 07-74401 |
| Petitioner, | Agency No. A096-154-960 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2010[**]

Before:      B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

Gyulizar Matevosyan, a native of the former Soviet Union and citizen of

Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's ("IJ") decision denying her

application for asylum, withholding of removal, and relief under the Convention

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 658 (9th Cir. 2003), and we grant the petition for review and remand.

The IJ's adverse credibility determination, based on the discrepancies between Matevosyan's declaration and her testimony regarding when she sought help from a human rights committee and the soldiers' mothers union, is not supported by substantial evidence. *See id.* at 660 ("Minor inconsistencies in the record that do not . . . reveal anything about an asylum applicant's fear for his safety are insufficient to support an adverse credibility finding.").

The IJ alternately found that, even if credible, Matevosyan did not demonstrate eligibility for asylum or withholding of removal. However, it is unclear whether the BIA adopted this alternate finding. In addition, it is unclear what the BIA's reason is, if any, for denying Matevosyan's CAT claim. Accordingly, we remand for clarification. *See Recinos De Leon v. Gonzales*, 400 F.3d 1185, 1194 (9th Cir. 2005) (remanding because "[w]e will not guess at the theory underlying . . . the BIA's opinion") (internal quotations omitted).

In light of our disposition, we decline to address Matevosyan's due process contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**